99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Balderas GARCIA, JR., Defendant-Appellant.
 No. 96-1267.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Juan Balderas Garcia Jr. appeals his judgment of conviction and sentence of imprisonment entered after a jury found him guilty of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The district court sentenced Garcia to 110 months of imprisonment and to four years of supervised release. In arriving at Garcia's sentence, the district court adjusted the offense level upward by two levels for obstruction of justice under USSG § 3C1.1, based upon a finding that Garcia committed perjury when he testified at trial. Garcia appealed and this court affirmed his conviction but reversed his sentence and remanded the case for resentencing. United States v. Garcia, No. 95-1224, 1995 WL 712757 (6th Cir. Dec. 4, 1995) (per curiam), cert. denied, 116 S.Ct. 1368 (1996).
 
 
 3
 Upon remand for resentencing, the district court made more specific findings regarding the issue of obstruction of justice in compliance with United States v. Dunnigan, 507 U.S. 87, 95-96 (1993) and United States v. Spears, 49 F.3d 1136, 1143 (6th Cir.1995). The district court found that Garcia had perjured himself, adjusted his offense level upward for obstruction of justice, and resentenced Garcia to the same term of imprisonment and supervised release that the court had imposed in the first instance.
 
 
 4
 On appeal, Garcia's appointed counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Garcia was served with the motion and has not responded. Although believing the appeal to be without merit, counsel submits for review the issue of whether the district court erred at Garcia's resentencing by adjusting his offense level upward for obstruction of justice.
 
 
 5
 Upon review, we conclude that the district court did not err. If a defendant objects to an enhancement for obstruction of justice, the district court must review the evidence and make independent findings necessary to establish perjury. Dunnigan, 507 U.S. at 95-96. The sentencing judge must identify for the record at least some specific instances of conflicting testimony and specify which portions of the defendant's testimony he finds materially perjurious. Spears, 49 F.3d at 1143 (citing United States v. Ledezma, 26 F.3d 636, 644-45 (6th Cir.), cert. denied, 115 S.Ct. 349 (1994)). In addition, the sentencing judge must, at least briefly, explain why the intentional perjury was material. Id.
 
 
 6
 The district court specified instances of conflicting testimony and specified which portions of Garcia's testimony the court found materially perjurious. The district court also explained why the intentional perjury was material, and the district court's findings made in support of the obstruction of justice enhancement are clearly supported by a preponderance of the evidence.
 
 
 7
 We have further examined the record in this case, including the transcripts of Garcia's trial, sentencing hearing, and resentencing hearing, and conclude that no reversible error is apparent from the record.
 
 
 8
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.